# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| WILLIAM I. MEYER,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON; GLORIA PAPIEZ, Director, Washington Department of Financial Institutions; and WILLIAM BEATTY, Administrator of the Securities Division of the Washington Department of Financial Institutions,<br><br>    Defendants. | CASE NO. 3:18-cv-05383-RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S RULE 12(C) MOTION FOR JUDGMENT ON PLEADINGS ON CLAIM ONE-CIVIL RIGHTS VIOLATION |

  BEFORE THE COURT are two pending matters, Defendants' Motion for Summary Judgment (Dkt. 22) and Plaintiff's Rule 12(c) Motion for Judgment on Pleadings on Claim One—Civil Rights Violation (Dkt. 20). The Court has considered the motions, the Response and Reply briefs filed in opposition and in support of the motions, the Complaint (Dkt. 1), and the remainder of the file herein. Plaintiff's request for oral argument on the Rule 12(c) motion is deemed unnecessary. In summary, Defendant's motion should be granted in part on *Younger*

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S RULE 12(C) MOTION FOR JUDGMENT ON PLEADINGS ON CLAIM ONE-CIVIL RIGHTS VIOLATION - 1

abstention grounds. The case should be stayed pending state court proceedings, and Plaintiff's motion should be denied without prejudice.

**A. Facts, procedural history, and claims.**

The facts essential to resolving the Court's decision are supported by the record and not disputed by the parties.

This case originates from a March 7, 2016 regulatory enforcement action against Plaintiff by the Washington State Department of Financial Institutions ("DFI"). DFI initiated the regulatory enforcement action through a Statement of Charges ("SOC") lodged against Plaintiff and eleven other individuals, who profited from sales commissions connected to the sale of "life settlements." According to the SOC, selling fractionalized interests in life settlements triggers certain obligations that Plaintiff failed to meet, because life settlements are securities. Dkt. 21-2 at ¶¶27-29. Plaintiff received approximately $40,000 in commissions for life settlement sales to approximately four (4) Washington residents, but although he has worked as an investment advisor and insurance salesperson, he has never been registered as a securities salesperson. *Id*. at ¶¶15, 69.

The SOC issued a "notice of intent to impose a fine" of $4,000 on Plaintiff. Dkt. 21-2 at 22. The SOC alleges three primary securities violations: (1) sale of an unregistered security; (2) sale of security by a person not registered to sell securities; and (3) false or misleading statements or omissions. Dkt. 21-2 at 21. Following a November 15, 2017 Office of Administrative Hearings ("OAH") hearing, Administrative Law Judge Lisa Dublin issued an Order on Summary Judgment Motions, and on Motion to Strike, which was later amended. Dkt. 21-1 at 2. In the corrected order, ALJ Dublin found in favor of DFI on the issue of whether life investments are securities. *Id*. The ALJ Order denied summary judgment on the second and third

issues, but the third issue, whether Plaintiff made allegations of false or misleading statements or omissions under RCW 21.20.010, has been withdrawn by DFI. Dkt. 23-1. The ALJ Order required Plaintiff to cease and desist from selling "unregistered securities in the form of life settlement agreements[,]" but stated that "[i]ssues of fact remain regarding the basis for the additional penalties assessed." *Id*.

On April 2, 2018, ALJ Dublin, on behalf of OAH, issued an Initial Order, finding in favor of DFI. Dkt. 20, FN 2; Dkt. 25 at ¶4. By filing a Petition for Review, Plaintiff appealed the Initial Order. Dkt. 29 at 6. DFI has not issued a Final Order, and the Petition for Review remains pending. *Id*. After the Initial Order, but prior to consideration of the Petition for Review and issuance of a Final Order, on May 14, 2018, Plaintiff filed this case. Dkt. 1. The Complaint names DFI Director, Gloria Papiez, William Beatty, an Administrator to DFI, and the State of Washington as defendants. *Id*.

On July 25, 2018[1], Director Papiez recused herself from issuing a Final Order on behalf of DFI and transferred the case to the Chief ALJ at the OAH. *Id*. at ¶5. Director Papiez has delegated to OAH the power to "appoint an [ALJ] of OAH not previously familiar . . . with the Administrative Action, to take jurisdiction of the Petition for Review  . . . review the findings and conclusions of [ALJ] Dublin contained in the Initial Order, and independently issue a Final Order of the Department, either affirming or reversing the Initial Order." *Id*. at ¶5.

In Count One of the Complaint, Plaintiff requests damages under 42 U.S.C. § 1983 for violating the Due Process right to fair notice. Dkt. 1 at ¶¶76-87. Count One also seeks declaratory relief, for Director Papiez' alleged failure to issue DFI's interpretation of life

---

[1] Plaintiff cites Dkt. 25 at ¶¶4, 5 as supporting this date, but the date is nowhere found in the record. Defendant did not cite an exact date, but the parties agree on the approximate timeline.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S RULE 12(C) MOTION FOR JUDGMENT ON PLEADINGS ON CLAIM ONE-CIVIL RIGHTS VIOLATION - 3

settlements as securities with sufficient notice, and for Defendants' imposition of a $4,000 penalty that allegedly violates Plaintiff's right to Due Process; and injunctive relief, that Defendants should be enjoined from further depriving Plaintiff of his property rights. *Id*. The Complaint also brings state common law claims for defamation (Count Two), tortious interference with business expectancy (Count Three), and negligent infliction of emotional distress (Count Four). *Id*. at ¶¶88-99.

**B. Pending motions.**

Defendant's Motion for Summary Judgment seeks dismissal on several grounds. First, Defendant seeks dismissal on *Younger* abstention grounds, because administrative proceedings remain ongoing. Dkt. 22 at 6-9. Next, the claims alleged against the State of Washington cannot be sustained under the Eleventh Amendment, Defendants argue, and the claims against the individually-named defendants, Administrator Beatty and Director Papiez, cannot be sustained because they are shielded by quasi-prosecutorial immunity. *Id*. at 10-16, 20. Finally, Defendants make arguments particular to the merits of each claim: the defamation claim fails because the alleged defamatory statement, that Plaintiff committed securities fraud, is true, and the negligent infliction of emotional distress and tortious interference with business expectancy claims fail, because both claims allege harm caused by Defendants' regulatory enforcement action, but, in fact, Defendant's enforcement is statutorily-authorized. *Id*. at 16-20.

Plaintiff's Motion for Judgment on Pleadings on Claim One—Civil Rights Violation seeks judgment in favor of Plaintiff on Count One, the § 1983 claim. Dkt. 20. The motion raises two constitutional issues: whether Defendants provided fair notice to Plaintiff that "life settlements" were subject to securities regulation by DFI, and whether Defendants violated the

constitutional prohibition of *ex post facto* laws, by initiating a regulatory enforcement action on March 7, 2016 for the sale of life settlements years earlier. *Id.* at 3.

## DISCUSSION

The Court has closely considered the merits of each argument raised by the parties. In summary, *Younger* abstention is warranted. To that extent, Defendants' motion should be granted. Because Plaintiff's § 1983 claim seeks damages, a stay, rather than dismissal is warranted. Plaintiff's motion should be denied without prejudice.

**A. Defendants' Motion for Summary Judgment.**

    *1. Are the Younger abstention elements met?*

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism[,]" that is satisfied where four elements are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008). Although *Younger* itself involved potential interference with a state criminal case by a federal court, the Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings, but "as virtually all cases discussing *Younger* abstention emphasize," abstention is the exception, not the rule. *Id*. (internal quotations and citations omitted). Additionally, *Younger* abstention is not appropriate where there is a showing of bad faith, harassment, or some other extraordinary circumstance. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 42, 435 (1982).

Applied here, all four elements are met. On the first element, whether the state-initiated proceeding is ongoing, the record shows: DFI issued the SOC on March 7, 2016; after Plaintiff and others filed motions challenging the SOC, ALJ Dublin, an OAH officer, held an administrative hearing on November 19, 2017 and thereafter issued an order and a corrected order addressing the issues raised; ALJ Dublin issued an Initial Order on April 2, 2018, finding in favor of DFI; Plaintiff administratively appealed the decision on April 23, 2018 by filing a Petition for Review; Plaintiff filed this case on May 14, 2018; and Director Papiez recused from making administrative findings on the Petition for Review and Final Order, on July 25, 2018. The element is satisfied by this procedural history, which shows ongoing state proceedings.

Pointing to the number of days between various events in the administrative history, Plaintiff argues that it is "abundantly clear" that Defendants have delayed issuing a Final Order. Dkt. 29 at 6, 7. This argument is without merit. Plaintiff filed this case about six weeks after issuance of the Initial Order, but before giving DFI the chance to respond to Plaintiff's Petition for Review. About six weeks after Plaintiff filed this case, and just outside of ninety (90) days from issuance of the Initial Order, Director Papiez, who is a named defendant in this case, recused from the administrative proceedings and transferred the case to OAH. The administrative proceedings have been pending with OAH only since July 25, 2018. While Plaintiff may be frustrated at the slow pace of the administrative process, perhaps understandably so, the record does not point to deliberate delay by Defendants. Instead, the procedural history points to slow, but steady progress.

The second element, whether important state interests are implicated, is also satisfied. To measure the importance of the state's interest, courts "look to . . . the importance of the general proceedings to the State." *New Orleans Pub. Serv., Inc. ("NOPSI") v. Council of City of New*

*Orleans*, 491 U.S. 350, 365 (1989). As *NOPSI* explained, "In *Younger,* for example, we did not consult California's interest in prohibiting John Harris from distributing handbills, but rather its interest in carrying out the important and necessary task of enforcing its criminal laws. *Id*. (internal quotations and citations omitted). Applied here, the state has an important interest in regulating securities by means of civil penalties. *Accord*, *id*. (state has an important interest in regulating utilities). State legislators enacted an entire statutory chapter to securities regulation, including metrics for civil and criminal penalties for securities violations. *See* RCW 21.20 *et seq*.

Plaintiff argues that the State has no important interest because Defendants have completed their investigation and have taken regulatory enforcement action against Plaintiff, and there is no evidence that Plaintiff has sold life settlements since 2012. Dkt. 29 at 8, 9. This argument dodges, and does not address, whether enforcing securities violations implicates an important state interest. But on the merits of Plaintiff's argument, as discussed above, issuance of the Final Order remains pending, so the State's interest remains intact.

Plaintiff concedes element three, Dkt. 29 at 6, which considers whether the plaintiff is barred from litigating constitutional issues in state court. The element is satisfied by the record, e.g., where ALJ Dublin directly considered the merits of constitutional issues raised by Plaintiff, albeit with a result unfavorable to Plaintiff.

Plaintiff concedes element four, Dkt. 29 at 6, which considers whether the federal proceeding would enjoin the state proceedings. The element is satisfied by the Complaint, which explicitly seeks declaratory relief that the DFI regulatory enforcement action is unconstitutional, and that Defendants been enjoined "from further depriving [Plaintiff] of his property rights, the exact scope of such injunction to be determined after discovery." Dkt. 1 at ¶¶82-87.

Plaintiff argues that Defendants have acted in bad faith by delaying the administrative appeal process in an effort "to meet a prong of the abstention defense." Dkt. 29 at 7. This is a harsh, and unsubstantiated argument, without basis in the record.

Because all four elements are met, and there is no showing of bad faith, harassment, or other extraordinary circumstances, abstention under *Younger* is warranted. To that extent, Defendants' motion should be granted in part.

   2. *Should the case be dismissed or stayed?*

Defendants seek dismissal on *Younger* abstention grounds, but a stay, not dismissal, is appropriate, because Plaintiff seeks damages in addition to injunctive and declaratory relief. *Gilbertson*, 381 F.3d at 968, 981-82. The case should be stayed until state proceedings are completed. Because dismissal is not warranted, Defendants' motion should be denied in part.

**B. Plaintiff's Rule 12(c) Motion for Judgment on Pleadings on Claim One—Civil Rights Violation.**

Because the case should be stayed on *Younger* abstention grounds, Plaintiff's motion should be denied without prejudice.

* * *

THEREFORE, Defendants' Motion for Summary Judgment (Dkt. 22) is GRANTED IN PART and DENIED IN PART. The case is HEREBY STAYED pending the completion of state proceedings. Counsel is ORDERED to notify the Court within thirty (30) days of their completion.

Plaintiff's Rule 12(c) Motion for Judgment on Pleadings on Claim One—Civil Rights Violation (Dkt. 20) is DENIED WITHOUT PREJUDICE.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of September, 2018.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge